UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY JAMES CASHA,

        Petitioner,

                                     Case No.  1:11-CV-384

v.

                                     HON. ROBERT HOLMES BELL

SHIRLEE HARRY,

        Respondent.
_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On May 19, 2011, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Casha's § 2254 petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases because the petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). (Dkt. No. 7.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 8.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the

district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Section 2244(d)'s one-year limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549, 2560 (2010). "To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In other words, the petitioner must provide "evidence to support a causal connection" between his mental illness and his ability to file a timely federal habeas petition. *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Turner v. Mills*, 219 F. App'x 425, 429 (6th Cir. 2007) (holding that the petitioner's failure to explain how his mental and physical limitations prevented him from diligently pursuing his rights weighed against equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112-13 (6th Cir. 2003) (holding that the petitioner's unsupported assertions that his mental disability prevented him from filing state or federal collateral challenges did not justify equitable tolling).

Petitioner's sole allegation with respect to the issue of equitable tolling is as follows:

> Because due to my "fetal alcohol effect" it has taken over a year to compelet [sic] this habeas corpus. The fact that I have "F.A.E." is written by Dr. Boyd,

which is in my P.S.I. report.  Which is a mental health illness.

(Dkt. No. 8, Pet.'s Obj. ¶ 3.)  Petitioner's remaining arguments address the merits of his habeas petition and do not support his request for equitable tolling.

Petitioner has provided no evidence or explanation as to how his fetal alcohol effect interfered with his ability to timely file his habeas petition.  Petitioner's allegations are not specific enough to show that he is mentally incompetent or that his mental incompetence prevented him from timely filing his petition. Petitioner's unsupported and conclusory allegations are not sufficient to justify equitable tolling.

Upon de novo review, the Court is satisfied that Petitioner's habeas corpus petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), and that Petitioner is not entitled to equitable tolling.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a) of the Rules Governing § 2254 Cases.  When the claim is denied on procedural grounds, without consideration of the merits of the claim, the petitioner must show **both** that reasonable jurists would find it debatable that the petition states a valid constitutional claim **and** that they would "find it debatable whether the district court was correct in its procedural

3

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Petitioner's petition is plainly time-barred, and no reasonable jurist could conclude that dismissal is in error or that Petitioner should be allowed to proceed further. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 8) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 19, 2011, R&R (Dkt. No. 7) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

Dated: March 15, 2012                /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE